UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KATHERIINE RAYSBY, | ) |
| | ) |
| Plaintiff, | ) No: 2021 CV 508 |
| | ) |
| vs. | ) |
| | ) JURY DEMAND |
| ADVOCATE CONDELL MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
### AS AND FOR A FIRST CAUSE OF ACTION
### (FMLA-RETALIATION)

NOW COMES the plaintiff, **KATHERIINE RAYSBY** ("Plaintiff" or "RAYSBY" when the case was initially filed), by and through her attorney, the Law Offices of Michael T. Smith & Associates, P.C., and in complaining of the defendant, **ADVOCATE CONDELL MEDICAL CENTER** ("Defendant"), states as follows:

### PRELIMINARY STATEMENT

1. RAYSBY brings this action against Defendant seeking monetary damages, injunctive relief and declaratory relief resulting from Defendant's violation of Section 2615 of the Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq. Specifically, RAYSBY alleges that the Defendant interfered with the exercise of her rights under the FMLA, retaliated and discriminated against her attempt to exercise her rights under the FMLA.

### PARTIES

2. RAYSBY is an adult individual and a citizen of the County of Lake who currently resides at 35082 N. Hilldale Drive, Ingleside, Illinois 60041.

3. ADVOCATE CONDELL MEDICAL CENTER, and at all times relevant hereto

was, a not-for-profit corporation organized under the laws of the State of Illinois, with its principal place of business located at 801 S. Milwaukee Avenue, Libertyville, Illinois 60048 constitutes an employer within the meaning of 29 U.S.C. §2611(4).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs FMLA claim pursuant to 29 U.S.C. §2601 et seq. 28 U.S.C. § 1331 and 28 U.S.C. § 2201. This Court is the appropriate venue under 28 U.S. C. § 1391.

## APPLICABLE LAW

5. The Family Medical Leave Act of 1993 entitles employees to take up to 12 weeks of unpaid leave "for medical reasons...health condition." 29 U.S.C. § 2601 (b)(2).

6. An "eligible employee" under the FMLA is an employee who has been employed: a) for at least 12 months by the employer with respect to whom leave is requested and b) for at least 1,250 hours during the previous 12-month period. 29 U.S.C. § 2611 (2)(A).

7. An "employer" is defined by the FMLA to include "any person engaged in commerce or industry or activity affecting commerce or who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 261 1 (4)(A)(i).

8. The term "serious health condition means "an illness, injury, impairment, or physical or mental condition that involves: a) "inpatient care in a hospital, hospice or residential medical care facility" or b) "continuing treatment by a health care provider." 29 U.S.C. § 261 1 (1 1).

9. After an employee notifies his/her employer of the need for leave from work or requests for accommodations for a reason that might qualify for FMLA leave, an employer must

provide written notice to the employee detailing the specific expectations and obligations of the employee under the FMLA and explaining any consequences of a failure to meet these obligations. 29 C.F.R. § 825.301(b)(1).

10. An employee may take FMLA leave on accommodations on an intermittent basis as long as the employer agrees to it. 29 C.F.R. § 825. 203.

11. It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or an attempt to exercise" an employee's FMLA rights. 29 U.S.C. § 2615 (a)(1).

12. The FMLA also prohibits employees from discharging or discriminating against an employee "for taking part in proceedings or inquiries under FMLA." 29 U.S.C. § 2615 (b).

## STATEMENT OF CLAIM

### Violation of Plaintiffs Rights Under the Federal Family and Medical Leave Act

13. At all times relevant hereto, RAYSBY was an "employee" within the meaning of Section 261 1 (2)(A) of the FMLA, 29 U.S.C. § 2611 (2)(A) because at the time she requested FMLA leave she was employed by Defendant for more than 12 months and had worked over 1,250 hours during the preceding 12 months.

14. At all times relevant hereto, Defendant is considered to be an "employer" within the meaning of Section 2611 (4)(A) of the FMLA 29 U.S.C. § 2611 (4)(A).

15. Defendant and its agents interfered with RAYSBY's exercise of her FMLA rights.

16. By disciplining RAYSBY, Defendant and its agents unlawfully interfered with, restrained, or denied the exercise of her rights under the FMLA in violation of 29 U.S.C. § 2615 (a)(1) and/or retaliated and terminated her for exercising those rights in violation of 29 U.S.C. § 2615 (b).

17. Defendant's violations of the FMLA were not in good faith and Defendant did not have reasonable grounds for believing that its actions were not a violation of the Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KATHERINE RAYSBY, respectfully request that this Court:

A. Pursuant to any jury verdict for Plaintiff, direct the Defendant to pay damages equal to the amount of the any lost wages, salary, employment benefits, and any other compensation which she was denied or lost as a result of the violation, plus pre-judgment interest on this amount at the prevailing rate. 29 U.S.C. § 2617 (a)(1)(A)(i),(ii).

B. Pursuant to any jury verdict for Plaintiff, direct the Defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph. 29 U.S.C. § 2617 (a)(1)(A)(iii).

C. Award Plaintiff her cost in bringing this action, including reasonable expert witness fees, and other cost of the action to be paid by the Defendants. 29 U.S.C. § 2617 (a)(3).

D. Grant any such further relief as the Court deems just and proper.

KATHERINE RAYSBY

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Law Offices of Michael T. Smith
10 Martingale Road/Suite 400
Schaumburg, Illinois 60173
(847) 466-1099
Msmith39950@aol.com